UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jimmie Craig Daniels ) | CR. No.: 4:07-cr-00341-RBH |
| ) | |
| v. ) | |
| ) | **ORDER** |
| United States of America ) | |
| ) | |
| _____ ) | |

This matter is before the court on Petitioner Jimmie Craig Daniel's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

I. BACKGROUND AND PROCEDURAL POSTURE

Petitioner was charged in a single count indictment with knowingly possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He was represented by Federal Public Defender, William F. Nettles, Esquire. Petitioner's case was tried to a jury on August 15-16, 2007. The jury returned a verdict of guilty. The Court sentenced petitioner to 108 months imprisonment on December 13, 2007, and judgment was entered on December 18, 2007. An appeal was filed, and the judgment of this Court was affirmed by the Fourth Circuit of Appeals on February 12, 2009. Petitioner's Petition for Writ of Certiorari was denied by the United States Supreme Court on April 27, 2009. (*See* Government Response to Petition, Docket Entry # 92, page 6.)

Petitioner returns to this court by way of petition filed July 6, 2009, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He alleges twenty-two (22) grounds, most

1

of which were already rejected in the Fourth Circuit opinion on his direct appeal. The Court will, however, address the petitioner's contention that his trial counsel, William F. Nettles, IV, denied him effective assistance of counsel.

The government filed a response to the petition on August 27, 2009, together with a motion for summary judgment with attached affidavit of trial counsel. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised petitioner of his right and obligation to respond to the motion for summary judgment, which response petitioner filed on September 28, 2009. After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be denied for the reasons set out in this order.

II. GROUNDS FOR PETITION

As indicated above, Petitioner raises various grounds that were raised in his direct appeal and which were already decided adversely to him by the Fourth Circuit Court of Appeals and are not proper grounds for a Section 2255 Petition. Petitioner also raises other patently frivolous grounds. These grounds are dismissed for the reasons argued by the government.

Petitioner also contends his trial counsel denied him effective assistance of counsel on the following grounds:

(1) failing to put up a defense; (2) failing to call expert witnesses or any witnesses; (3) ignoring motions filed by prior defense counsel Michael Meetze; (4) failing to cross-examine witnesses or make sufficient objections during trial.

III. LEGAL STANDARD

It is well-settled that claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. To obtain relief based on ineffective assistance of counsel, Petitioner must show (1) that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and this Court must be highly deferential in scrutinizing counsel's performance. *Id*. at 688-89.

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690.

To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 688-89. "Reasonable probability" is probability sufficient to undermine confidence in the outcome. *Jeffers v. Leeke*, 835 F.2d 522, 525 (4th Cir. 1987). The first inquiry--whether

3

counsel's performance was deficient -- may be by-passed if the claim is more easily disposed on the ground of lack of prejudice. *Strickland* at 697.

IV. DISCUSSION AND ANALYSIS

Construing Petitioner's motion liberally, the court finds each of his substantive claims to be without merit. The allegations of the petitioner are all addressed by trial counsel, Mr. Nettles, and it is clear that he has failed to show prejudice or that, but for counsel's alleged errors, the result of the proceeding would have been different. As the government has pointed out, child pornography was found on Petitioner's computer and floppy discs and in his bedroom. Petitioner, during cross examination, admitted the following: (1) having child pornography on his computer; (2) downloading child pornography using a cd burner; (3) downloading child pornography onto cds and floppy discs and then keeping them; (4) that the images which the petitioner downloaded onto cds were obviously children engaged in sexual activity, as may be seen by reference to the trial transcript on pages 259-262 of the Joint Appendix, attached as Exhibit D to the government's response. (Docket Entry #92). Additionally, the court has reviewed the affidavit of appellate counsel, Joshua Kendrick, and any allegations as to ineffective assistance of counsel on appeal lack merit under constitutional standards.

V. MOTIONS TO AMEND

On March 3, 2010, Petitioner filed a motion to amend his petition (Docket Entry # 142) to allege "actual innocence". He further asserts that his attorney should have cited a case from the Southern District of New York to the court, *United States v. Perez*, 247 F. Supp.2d 459 (S.D.N.Y.2003). On March 15, 2010, he filed a second general motion to amend (Docket Entry

#144). On April 2, 2010, he filed a third motion to amend in which he requests permission to amend his Petition to assert that his counsel was ineffective for failing to obtain an expert witness (Docket Entry #152). On April 4, 2010, he filed a motion to amend to assert that "James Lockemy was not a detached or neutral magistrate" and that his attorney was ineffective for failing to make this argument (Docket Entry #153). On April 14, 2010, Petitioner moved to amend to allege the search of his computer was illegal and that counsel Nettles was ineffective in failing to attack "the search of the Petitioner's computer" (Docket Entry #156). Petitioner filed a sixth motion to amend on April 14, 2010 in which he asserts he should be allowed to amend to assert a challenge to the sufficiency of the evidence (Docket Entry #157).

Section 2255 provides a one-year statute of limitations which applies to the filing of Section 2255 petitions, commencing on the date that the judgment of conviction becomes final. *See* Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(1). Petitioner's Petition for Writ of Certiorari was denied by the United States Supreme Court on April 27, 2009. *See* Docket Entry # 92, page 6. In the case at bar, the judgment thus became final on April 27, 2009. Therefore, the petitioner's motions to amend were timely under the AEDPA.

"Rule 12 of the Rules Governing Section 2255 Proceedings states, 'If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules. . . and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate.' The Rules Governing Section 2255 do not specify a procedure for amending petitions. Therefore, courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion."

5

*United States v. Pittman*, 209 F.3d 314, 316-317 (4th Cir. 2000).

Pursuant to Fed. R. Civ. P. 15(a), a party must obtain leave of court to amend a pleading where the opposing party has served a responsive pleading. "Under Rule 15(a) leave to amend should be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *Pittman*, 209 F.3d at 317.

The Court finds that the motions to amend were made after the respondent had responded with the motion for summary judgment and supporting memorandum and affidavit and that the grounds were available to the petitioner at the time he filed his initial petition. Therefore, granting the motion to amend would unduly prejudice the respondent. Moreover, many of the grounds alleged are simply repetitive of grounds already before the court or are patently frivolous. For example, the petitioner attempts to allege actual innocence. However, establishing a claim of actual innocence requires a showing of new evidence, not present in the trial, that makes it more likely than not that no reasonable juror would have convicted him. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). Mr. Daniels has made no such showing. In fact, as noted above, Mr. Daniels admitted downloading images of child pornography onto two (2) compact discs and a floppy disc that were taken from the dresser in his bedroom. (Trial Transcript, Vol. II, pp. 71-72). Even if he accidentally accessed the child pornography on his computer, burning the CDs and keeping them in his dresser would constitute possession of child pornography. In addition, the amendments would be futile. The petitioner has already included in his original petition an argument relating to ineffective assistance of counsel regarding counsel's decision not to call an expert witness. He has also already included arguments relating

to the search of his computer. Therefore, the motions to amend are denied in their entirety.

VI.     CONCLUSION

For the reasons contained herein, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. The Court grants the government's motion for summary judgment and dismisses the case with prejudice. The Court also denies the motions to amend and the plethora of other motions that the petitioner has filed.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

**IT IS SO ORDERED**.

April 23, 2010                                   s/R. Bryan Harwell
Florence, South Carolina              R. Bryan Harwell
                                                      United States District Judge